

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2002

# USA v. Santilli

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3716

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Santilli" (2002). *2002 Decisions.* Paper 340.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/340

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3716


UNITED STATES OF AMERICA

v.

JOHN SANTILLI,
                    Appellant
                _____


APPEAL FROM THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY
        (D.C. Crim No. 99-cr-366-004)
District Judge:   Honorable Joseph E. Irenas
                _____


Submitted Under Third Circuit L.A.R. 34.1(a)
              June 5, 2002
Before:   SCIRICA, BARRY, and WEIS, Circuit Judges.


                                   (Filed June 10, 2002)


                _____


                OPINION



WEIS, Circuit Judge.
        The defendant pleaded guilty to one count of conspiring to manufacture,
distribute and possess with intent to distribute methamphetamine in violation of 21
U.S.C.   846.  As part of the plea bargain, the defendant agreed to fully cooperate with
the government.  Whether he met that obligation was to be determined solely by the
government, which, if satisfied with the defendant's compliance, would file a motion
under section 5K1.1 of the Sentencing Guidelines and 18 U.S.C.   3553(e),
recommending a downward departure.
        Before sentencing had occurred, the prosecution informed defense counsel
that it was not satisfied with the defendant's cooperation and thus would not file the
downward departure motion.  Defendant then moved for an order compelling specific
performance or withdrawal of the guilty plea.
        Both parties submitted briefs and the District Court heard extensive oral
argument by counsel.  Finding no evidence of bad faith on the government's part, the
district judge denied the defendant's motion.  Defendant was later sentenced to 151
months, representing the bottom of the Guideline range.
        On appeal, defendant contends that the District Court erred in refusing to
allow him to withdraw his guilty plea and in failing to enforce the terms of the plea
bargain with respect to the filing of the motion for downward departure.
        In United States v. Isaac, 141 F.3d 477 (3d Cir. 1998), we explained that
when a plea agreement provides for a downward departure motion at the discretion of the
prosecution, the defendant must show bad faith on the part of the government in failing
to file such a motion.  If, after the defendant's motion is filed, the prosecution advances a
facially plausible reason for its decision, the burden shifts to the defendant to produce
evidence giving reason to question the justification advanced.  141 F.3d at 484.
        The district judge in the case before us found "not a shred of anything in
this case that amounted to bad faith on the part of the government."  We have carefully

reviewed all of the submissions in this case and find no error in the District Court's denial of the defendant's motion for a hearing on the withdrawal of the plea or for specific performance.  The district judge carefully and painstakingly examined the evidence, giving the parties every opportunity to fully present their causes.

Accordingly, the judgment of the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing Opinion.

By th

/s/ Joseph F. Weis
Unite